Prob12C
DMA (3/2005)

# United States District Court
## for the District of Massachusetts
### Petition and Affidavit for Warrant or Summons for Offender Under Supervision



**Name of Offender:** Colemen Nee

**Case Number:** 01-10426

**Name of Sentencing Judicial Officer:** Honorable Dougals P. Woodlock
U.S. District Judge

**Date of Original Sentence:** 8/28/02

**Original Offense:** Bank Robbery

**Original Sentence:** 57 months CAG, 36 months Supervised Release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** 9/29/05

**Asst. U.S. Attorney:** John Bradley

**Defense Attorney:** Paul Kelly

## PETITIONING THE COURT

[X] To issue a warrant
[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Violation of Special Condition #3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

**Violation of Special Condition #6:** The defendant shall participate in a program for substance abuse as directed by the U.S. Probation Office

Recently, the Probation Office became aware that the defendant had been prescribed opiates for the treatment of pain resulting from an alleged back injury. Since learning of same, the Probation Office has become concerned that Mr. Nee might be abusing and/or have become addicted to opiates. It is noted that Mr. Nee has a significant history of opiate addiction.

On Friday, 12/16/05, this officer had discussions with Mr. Nee over phone during which he presented with a loud and angry tone, with pressured speech and rage, and was intermittently crying and shouting. In the course of the conversation, the defendant threatened to "go shoot dope [heroin]." Ultimately, Mr. Nee calmed somewhat and agreed that he required placement in a structured program. To that end, he agreed he would enter into detoxification on that day.

Arrangements were made for Mr. Nee's immediate admission to the CAB Health and Recovery Services Detoxification Program (CAB Detox), in Boston, MA. The defendant was instructed to enter into the detoxification program that day and was provided with sufficient time to travel to that program. Arrangements were for the defendant to be admitted into the program at 4:00 PM. The defendant agreed to report to the program as instructed and assured that he would be at that program by that time.

Colemen Nee  
Case Number: 01-10426  
Prob 12C

- 2 -

**Petition and Affidavit for Warrant or Summons for Offender Under Supervision**

Following that conversation, this writer left two messages on the defendant's cell phone in order to check on his progress in traveling to CAB Detox. It is noted that the defendant did not return those messages. Further, this writer spoke at length with the defendant's aunt who also called and left messages for the defendant which were reportedly not returned.

As of 6:30 PM, the defendant had not reported to the CAB Detox as instructed. Moreover, this writer received a call from Robert at CAB Detox stating that the defendant had called him to report that he would not be reporting to CAB Detox as instructed.

On Saturday, 12/16/05, this writer received a voice mail from CAB Detox indicating that the defendant had arrived at the detox and was admitted.

On Monday morning, 12/19/05, this writer was in contact with CAB Detox to determine the defendant's status in treatment. At that time, this writer learned that the defendant had left the program against medical advice.

With regard to the defendant's admission to CAB Detox, a report provided by CAB Detox on 12/19/05 states as follows:

"Mr. Nee called on Friday 12/16/05 seeking a bed at CAB Health & Recovery Services, client was given a time frame to arrive and was non compliant. Client made a second call on Saturday 12/17/05, the intake person reports that the client made several attempts to reschedule his time of arrival, the intake person reports that the client was verbally abusive over the phone. Client was admitted on Saturday, 12/17/05 at 8:40 pm. Client left on Sunday 12/18/05 Against Medical Advice at 6:01 pm."

The defendant has not been in contact with the Probation Office since 12/16/05. The defendant's whereabouts is unknown and he is believed to have absconded.

**U.S. Probation Officer Recommendation:**

The term of supervision should be:
- [X] Revoked
- [ ] Extended for year(s), for a total term of years.

[ ] The conditions of supervision should be modified as follows:

Reviewed/Approved by:

Jonathan E. Hurtig  
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.  
Respectfully submitted,

By Andrew J. Laudate  
Sr. U.S. Probation Officer  
Date: 12/16/05

**THE COURT ORDERS**
- [ ] No Action
- [ ] The Issuance of a Warrant
- [ ] The Issuance of a Summons