Prob12C
DMA (3/2005)

# United States District Court
# for the District of Massachusetts
### Addendum to the Petition and Affidavit for Warrant or Summons for Offender Under Supervision submitted on 9/8/2008

**Name of Offender:** Coleman Nee        **Case Number:** 01-10426-01

**Name of Sentencing Judicial Officer:** Honorable Douglas P. Woodlock, U.S. District Judge

| | |
|---|---|
| **Date of Original Sentence:** | 8/28/02 |
| **Date of 1st Violation Sentence:** | 1/4/06 |
| **Date of 2nd Violation Sentence:** | 6/19/06 |
| **Date of 3rd Violation Sentence:** | 5/13/08 |

**Original Offense:** Bank Robbery, in violation of 18 U.S.C. § 2113(a) (2 counts)

| | |
|---|---|
| **Original Sentence:** | 57 months' custody; 36 months' supervised release |
| **1st Violation Sentence:** | 3 months' custody; 33 months' supervised release |
| **2nd Violation Sentence:** | 6 months' custody; 27 months' supervised release |
| **3rd Violation Sentence:** | 3 months' custody; 24 months' supervised release |

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** 10/31/05
                                                                     **Date Supervision Re-commenced:** 3/24/06
                                                                     **Date Supervision Re-commenced:** 11/30/06
                                                                     **Date Supervision Re-commenced:** 7/22/08

**Asst. U.S. Attorney:** James Lang        **Defense Attorney:** Stellio Sinnis

## PETITIONING THE COURT

[ ]    To issue a warrant
[X]    To issue a summons

On 10/7/2008, the defendant appeared before Your Honor for a final revocation hearing, pursuant to Violation #1 noted below. The Court was apprised that, following the defendant leaving Meridian House against medical advice and without the permission of the Probation Office, he had entered into an alternative residential program at the Victory Program in Dorchester, MA. Therefore, the Court found the defendant in violation, continued the matter for sentencing, and requested that a status report be filed in January of 2009. The Court also added a special condition of supervision that the defendant reside at the Victory Program and comply fully with all program rules and regulations of the program.

On 11/12/09, the defendant began the Court Assisted Recovery Effort (CARE) program.

In early December, 2009, the Probation Office began to receive calls from the Victory Program regarding concerns about the defendant's noncompliant behavior in the program and suspected drug use, which the defendant denied. A series of meetings were held between the Probation Office and the Victory Program in an effort to keep the defendant connected to treatment. This matter was also addressed in the CARE program.

On 12/5/08, the defendant failed to report to the Probation Office for a mandatory drug test. 12/8/08, the defendant provided a drug test which tested positive morphine. On 12/12/08, the defendant again tested positive for opiates an admitted that he had used heroin on 12/10/08 and 12/11/08. Due to the gravity of the defendant's substance abuse history and his enrollment in the CARE program, he was immediately admitted

into a detoxification program on 12/12/08. An emergency CARE session was scheduled on 12/15/08 following the defendant's completion of needed detoxification services. On that date, the defendant appeared for a CARE proceeding and was sentenced to a period of two days in custody by Magistrate Judge Timothy Hillman. Following completion of his custodial sentence, the Probation Office made arrangements for the defendant's immediate admission into a 30 day intensive residential program at STARR in New Bedford, MA. He was admitted into that program on 12/17/08.

A memorandum was prepared and forwarded to Your Honor from Magistrate Judge Leo Sorokin, advising of the defendant's drug use and desire to remain in the CARE program. Additionally, a status update memorandum was prepared by counsel for the defendant and forwarded to the Court in January.

Although the STARR program reported that the defendant was challenging while in the program, he maintained his presence in the program for 30 days and the Probation Office worked with the Victory Program to arrange for his re-admission to the Victory Program on 1/15/09.

Again, the defendant presented as challenging during his second stay at the Victory Program. Despite same, during that stay, he was able to meet the program expectations in order to complete it and did so on or about 3/20/09.

Shortly after completion of the Victory Program, the defendant obtained heroin at the request of a friend and used the drug himself as noted in detail in Violation #2 below.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| I | **Violation of Special Condition: Immediately upon release from custody, the defendant shall enter into and successfully complete the Meridian House Program, and shall comply with all rules of the program.** |
| | On July 22, 2008, Mr. Nee was released from federal custody and was admitted to Meridian House. On September 3, 2008, the Probation Office was contacted by Joseph Quinn, case manager at the Meridian House, who stated that the defendant was self-discharging from the program. He advised that the defendant was asked to sign a contract regarding his interactions with female residents, and he refused. Following his refusal, the defendant indicated that he was leaving the program. |
| II | **Violation of Standard Condition #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** |
| | The offender completed the Victory Program on 3/20/09. After an attempt to secure independent housing did not work out, the offender moved in with his aunt |
| | On 3/27/09, the defendant failed to report to the Probation Office for a mandatory drug test. |

| | | |
|---|---|---|
| Coleman Nee<br>Prob 12C | - 3 - | **Petition and Affidavit for Warrant or Summons<br>for Offender Under Supervision** |

On 3/30/07, the defendant reported to the Probation Office for a mandatory drug test and tested positive for morphine, an indication of heroin use. The defendant initially denied use but then admitted that a friend had asked him to purchase heroin, that he had done so for the friend, and that he then used the substance himself.

Additionally, when discussing this development with the Probation Office, the defendant disclosed that he had also obtained a prescription for benzodiazepines from his psychiatrist approximately one month prior and had been taking same. As the Court is aware, the defendant is in a Suboxone (bupenorphine) maintenance program, and the combination of benzodiazepines with bupenorphine, unless carefully monitored, can be dangerous and has been attributed to a number of deaths. Moreover, the defendant's Suboxone provider has a signed agreement with the defendant that he not obtain any medication from other physicians, pharmacies or other sources without informing the physician who is prescribing the bupenorphine. He did not initially do so. Therefore, in addition to again using illegal drugs now for the second time since last appearing before Your Honor, and obtaining illegal drugs for the use of another, the defendant is viewed to be engaging in risky medication seeking behaviors.

### U.S. Probation Officer Recommendation:

The term of supervision should be:
- [X] Revoked
- [ ] Extended for year(s), for a total term of years.

[ ] The conditions of supervision should be modified as follows:

Reviewed/Approved by:

/s/Joseph LaFratta
Joseph LaFratta
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

By /s/ Andrew J. Laudate
Andrew J. Laudate
Supervising U.S. Probation Officer
Date: 4/10/09

### THE COURT ORDERS
- [ ] No Action
- [ ] The Issuance of a Warrant
- [X] The Issuance of a Summons
- [ ] Other

_Douglas P. Woodlock_
Signature of Judicial Officer

April 15, 2009
Date